UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cathlene V. Beaty, as Personal Representative of the Estate of Kencorie Vereen, | ) ) ) ) | Civil Action No.: 4:10-3303-RBH |
| Plaintiff, | ) ) ) ) | |
| | ) | **ORDER** |
| Bridgestone Americas Tire Operations, LLC f/k/a Bridgestone/Firestone North American Tire, LLC and Sam Duffy Wrecker Service, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on the plaintiff's [14] Motion to Remand.[1]

Plaintiff, a citizen of South Carolina, filed this action against defendants Bridgestone Americas ("BATO") and Sam Duffy Wrecker Service ("SDWS"). Defendant BATO is a limited liability company organized under the laws of Delaware, with a principal place of business in Tennessee, and Defendant SDWS is a resident of South Carolina.[2] The Complaint is a wrongful death and survival action which alleges products liability claims against BATO based upon an allegedly defective tire and a claim for third party spoliation of evidence against SDWS.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

[2] The Answer by SDWS denies that its principal place of business is in Horry County, South Carolina. SDWS has filed a motion to dismiss alleging that South Carolina does not recognize a claim for negligent spoliation (Docket Entry # 22) and has indicated that it takes no position regarding the Motion to Remand. Defendant BATO "does not contest that SDWS is a South Carolina resident." (Docket Entry # 16, p. 2).

1

Plaintiff initiated this action in the Court of Common Pleas for the Fifteenth Judicial Circuit, Horry County, South Carolina, on November 22, 2010. Service was effected on BATO's registered agent on December 2, 2010. On December 30, 2010, BATO removed the action to this Court. *See* Notice of Removal [Docket Entry #1]. SDWS was served on December 7, 2010. SDWS has not joined in the petition for removal. In its removal notice, Defendant BATO asserts that SDWS has been fraudulently joined or procedurally misjoined and that its citizenship should be disregarded for purposes of determining federal jurisdiction. In its motion to remand, Plaintiff asserts that Defendant SDWS is properly joined , thus defeating diversity of citizenship, and also that the defendant SDWS did not join in the petition for removal or notify the court at any time since the removal of the case that it consents to the removal.

## Discussion

Title 28 U.S.C. § 1332(a)(1) grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different states . . . ." The United States Supreme Court has "interpreted the diversity statute to require 'complete diversity' of citizenship." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (internal citations and quotations omitted). Thus, diversity jurisdiction exists "'so long as any two adverse parties are not co-citizens.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). This doctrine allows the district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse

2

defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.*

> "Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming.

*AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)).

"To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (emphasis in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). However, "[t]he burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against a nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Mayes*, 198 F.3d at 464 (quoting *Marshall*, 6 F.3d at 232-33). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley*, 187 F.3d at 424. "Further, in determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling & Testing Ctrs.*, 903 F.2d at 1004). Finally, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233 (internal citation omitted).

In the case at bar, BATO does not allege that there was any "outright fraud" in Plaintiff's pleading of the jurisdictional facts. *See Hartley*, 187 F.3d at 424. Therefore, in order to show fraudulent joinder, it must show that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (emphasis in original) (quoting *Marshall*, 6 F.3d at 232). Plaintiff alleges that SDWS "towed the 2001 Crown Victoria to its place of business for safe keeping until authorized to dispose or release the same pursuant to the proper authority. The Defendant was informed by the Plaintiff that the 2001 Crown Victoria was potential evidence in a products liability action and needed to be preserved. The Defendant had a duty to use due care to ensure the 2001 CV was preserved in an appropriate manner. The Defendant breached its duty by disposing of the vehicle without the consent of the Plaintiff or the owner of the vehicle. That as a result of the Defendant's disposal and spoliation of evidence, the Plaintiff's ability to pursue a products liability action has been compromised and may be diminished in value in whole or in part causing the Plaintiff to suffer damages as a result thereof." Complaint, Docket Entry #1-1, ¶ 14-19.

Defendant contends that South Carolina law does not recognize a claim for spoliation of evidence by a third party and that therefore SDWS has been fraudulently joined, citing three pertinent South Carolina cases. In *Austin v. Beaufort County Sheriff's Office*, 377 S.C. 31, 659 S.E.2d 122 (2008), the personal representative of an estate brought an action against the sheriff's office claiming that the sheriff's destruction of evidence from an investigation impaired her ability to bring a wrongful death action. The South Carolina Supreme Court held that a claim for third party spoliation of evidence had not been sufficiently alleged. No tortfeasor had been identified against whom to bring a wrongful death action; the Sheriff's Office did not know about the potentiality of a lawsuit; and there was no duty by the sheriff to preserve the evidence. "Thus, we decline to address whether we would, under other factual circumstances, adopt the tort of third party spoliation of evidence." 659 S.E.2d at 124. In *Cole*

4

*Vision Corp. v. Hobbs*, 384 S.C. 283, 680 S.E.2d 923 (Ct. App. 2009), *cert. granted*, Sept. 2, 2010, the Court of Appeals held that a party had pled sufficient facts to state a claim for negligence rather than spoliation of evidence and that therefore it was not necessary to address the other issues on appeal. Finally, in *Trask v. Beaufort County*, No. 4799, 2011 WL 780687 (S.C. App. March 2, 2011), the court affirmed the trial court's grant of summary judgment as to the third party spoliation of evidence claim on the basis that, even if the cause of action exists in South Carolina, the plaintiffs failed to present evidence that the defendants had knowledge of a potential civil action or that the body of the plaintiff's decedent would be considered evidence in such a lawsuit. None of these cases establishes the existence or non-existence of a cause of action in South Carolina for negligent third party spoliation of evidence. The *Cole* case is still pending with the South Carolina Supreme Court after the grant of certiorari. The court in *Trask* also emphasized the Supreme Court's language in *Austin* that "we decline to address, whether we would under other factual circumstances, adopt the tort of third party spoliation of evidence." 2011 WL 780687 at * 6, citing *Austin*, 659 S.E.2d at 124.

In the situation presented in the case at bar, this Court cannot find there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. The South Carolina courts have not stated that they would not recognize a spoliation claim in a proper case; rather, they have indicated that they did not need to do so in the factual circumstances of the cases before them on appeal. Additionally, the state Supreme Court granted certiorari in *Cole*. Accordingly, the Court finds that SDWS was not fraudulently joined by Plaintiff in an attempt to defeat this Court's diversity jurisdiction. In so finding, the Court is mindful of the fraudulent joinder standard that is more favorable to plaintiffs than the Rule 12(b)(6) standard. *Id.* The Court is also mindful that doubt as to jurisdiction should be resolved in favor of remand.

Defendant also contends that SDWS should be disregarded under the theory of procedural

5

misjoinder.  In support of its position, Defendant cites a district court case from the District of West Virginia, *Hughes v. Sears, Roebuck & Co.*, 2009 WL 2877424 (N.D.W.Va. Sep. 3, 2009), which relies on *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so **egregious** as to constitute fraudulent joinder.")(emphasis added). This doctrine from the Eleventh Circuit equates procedural misjoinder with fraudulent joinder if, as *Tapscott* states, it is egregious. After *Tapscott*, some courts such as the court in *Hughes* have severed parties and denied motions to remand on a showing that a party is not properly joined under Fed. Civ. P. 20(a). Under Rule 20(a), parties may be joined where a right to relief is asserted that arises from the same transaction or occurrence and a common question of law or fact exists.  The parties have cited no Fourth Circuit cases that have addressed the issue.  However, the Honorable Cameron McGowan Currie of the South Carolina District Court addressed similar issues in *Pollock v. Goodwin*, 2008 WL 216381 (D.S.C. Jan. 23, 2008). In *Pollock*, she found that the plaintiff's claims against State Farm did not arise from the same transaction or occurrence as his claims against the at-fault drivers of a vehicle, and "joinder does not satisfy Rule 20 of the Federal Rules of Civil Procedure and (the court) predicts that a state court would reach the same conclusion applying its corresponding rule."  *Id*. at *5. However, Judge Currie found that the joinder did not rise to the level of fraudulent joinder and remanded the case without prejudice to a second removal if the claims against the nondiverse defendant were severed in state court before the expiration of one year from institution of the action, citing 28 U.S.C. § 1446(b).

There appears to be no Fourth Circuit Court of Appeals authority to place procedural misjoinder at the same level as fraudulent joinder. Additionally, there is some authority outside this circuit that the products liability and third party spoliation claims may not necessarily be misjoined.  *See, e.g., Bryant v. Zimmer, Inc*., 2006 WL 2362360 (M.D. Fla. Aug. 14, 2006)("For reasons of judicial economy, and

6

to prevent piecemeal litigation, there is no reason to wait for final judgment in the underlying products liability lawsuit before bringing an action for the destruction of evidence claim.  A jury trying the concurrent claims in a single proceeding may be in the best position to determine issues of causation and damages." 41A Fla. Jur.2d Products Liability § 145.")[3]  Finally, the unsettled nature of state law regarding the existence of a third party spoliation claim supports remand.  *See Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997) ["In the usual diversity situation a Federal Court, no matter how difficult the task, must ascertain (and then apply) what the state law is . . . But here the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.  If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law," citing *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)].  In South Carolina, under appropriate facts, a claim for third party spoliation of evidence may exist. The Supreme Court has granted the petition for certiorari in the *Cole* case, and the *Trask* case was before the court on motion for summary judgment rather than on a motion to dismiss.

Since the Court has determined that Defendant SDWS was not fraudulently joined, then it was required to join in the petition for removal pursuant to 28 U.S.C. § 1446.  "When a defendant does not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand."  *Funchess v. Blitz U.S.A., Inc*., 2010 WL 4780357 at *4 (D.S.C. Nov. 16, 2010). Defendant argues that the service by the plaintiff of interrogatories and requests for production constitutes a waiver of the right to contest jurisdictional defects. "Courts that have developed a doctrine

---

[3] In fact, in support of proper Rule 20 joinder, Plaintiff argues "while not specifically raised by BATO at this time, there is the defense of spoliation of evidence which has been raised by BATO in other actions where the subject vehicle was not preserved."  (Docket Entry #21, p.2). Plaintiff attaches pleadings from other lawsuits against BATO where Defendant has moved to amend its answer to assert that a plaintiff's claims may be barred by the doctrine of spoliation of evidence.

of waiver in this area apply it primarily in situations where the non-removing party has taken significant action or there is patent unfairness." *Cline v. Fairbanks Capital Corp.*, 2004 WL 1146694 at *3 (M.D.N.C. May 20, 2004). "Significant action" has been held to include "amending the complaint . . . requesting injunctive relief, filing a motion for summary judgment, or invoking the aid of the court to engage in extensive discovery." *Midwestern Distribution, Inc. v. Paris Motor Freight Lines, Inc.*, 563 F. Supp. 489, 493 (D. Ark. 1983). The service of initial discovery requests does not in this Court's opinion constitute a waiver of defects in removal procedure.

As discussed above, the Fourth Circuit has not recognized anything other than fraudulent joinder, and all doubts are to be resolved in favor of remand.

### Conclusion

For all of the above reasons, it is therefore **ORDERED** that the Motion to Remand is granted, and this case is hereby **REMANDED** to the Court of Common Pleas for Horry County, South Carolina. This remand is without prejudice to a second removal in the event the claim against the non-diverse defendant is severed in state court before the expiration of one year from institution of the action. *See* 28 U.S.C. § 1446(b).

Due to the complexity of the issues regarding removal, the plaintiff's request for attorney's fees and costs is denied.

The Clerk of Court is hereby directed to mail a certified copy of this Order of remand to the Clerk of Court of Common Pleas, Horry County, South Carolina.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

March 16, 2011
Florence, South Carolina

8